## IN THE SUPERIOR COURT OF GUAM

THE PEOPLE OF GUAM, )
)
        Plaintiff, )
)
    vs. )
)
ATTAICHY AINNA, )
)
        Defendant. )
_____ )

**CRIMINAL CASE NO. CF0304-13**

**DECISION AND ORDER**

### INTRODUCTION

This matter came before the Honorable James L. Canto II on Defendant's motion to consolidate, filed January 29, 2014. Oral arguments were heard on March 11, 2014. Assistant Attorney General Charles Kinnunen appeared on behalf of the Government and Assistant Public Defender Suresh Sampath represented Defendant. Having considered the parties' briefs, oral arguments, and the applicable law, the Court now issues the following Decision and Order.

### BACKGROUND

On January 29, 2014, Defendant filed a motion to consolidate the following cases: CF 0304-13; CF 0544-11; and CM 0323-13.

In CF 0304-13, Defendant was charged with two counts of Aggravated Assault, as a 3rd Degree Felony, with a special allegation of possession and use of a deadly weapon in the commission of a felony for both counts. According to the indictment, the incident occurred on or about June 1, 2013.

In CF 0544-11, Defendant was charged with Terrorizing, as a 3rd Degree Felony; Criminal Mischief, as a Misdemeanor; and Public Drunkenness, as a Violation. According to the magistrate's complaint, the incident occurred on or about September 29, 2011. This matter is post-judgment.

In CM 0323-13, Defendant was charged with Theft of Property, as a Misdemeanor; Disorderly Conduct, as a Petty Misdemeanor; and Public Drunkenness, as a Violation.



According to the magistrate's complaint, the incident occurred on or about March 31, 2013.[1]

Defendant argues that the three cases split between two judges is causing difficulty in negotiating a resolution to these cases, and consolidation under one judge would aid in the resolution of these cases. (Mot. to Consolidate, 1, Jan. 29, 2014).

The Government did not file an opposition.

## DISCUSSION

Under Guam law, "[t]he court may order two or more indictments or information or both to be tried together if the offenses, and the defendants if there is more than one, could have been joined in a single indictment or information. The procedure shall be the same as if the prosecution were under such single indictment or information." 8 GCA § 65.30 (2005). In addition, "[t]wo (2) or more offenses may be charged in the same indictment or information in a separate count for each offense if the offenses charged are of the same or similar character or are based on the same act or transaction or on two (2) or more acts or transactions corrected together or constituting parts of a common scheme or plan." 8 GCA § 55.35 (a) (2005).

When determining whether the offenses are properly joined, courts have traditionally considered "whether the charges are laid under the same statute, whether they involve similar victims, locations, or modes of operation, and the time frame in which the charged conduct occurred." *United States v. Taylor*, 54 F.3d 967, 973 (1st Cir. 1995) (citations omitted). Furthermore, "the validity of joining offenses is determined solely by the allegations in the indictment." *United States v. Greene*, 52 F.3d 335, *1 (9th Cir. 1995) (*citing United States v. Lane*, 474 U.S. 438, 447 (1986)).

In this case, Defendant fails to cite to any legal authority in support of his proposition. Absent a showing of how the three matters should be joined under the applicable law, the motion cannot be granted. *See Lamb v. Hoffman*, 2008 Guam 2 ¶ 35 ("In order to conduct a meaningful review, the parties must articulate their arguments in a way that allows this court to apply recognized rules of law...It is not sufficient for a party 'simply to announce a position or

---

[1] This matter is currently before the Honorable Anita A. Sukola.

ORIGINAL

assert an error and then leave it up to this Court to discover and rationalize the basis for his claims' ").

Despite the deficiencies in Defendant's motion, the Court finds that the three cases should not be consolidated. Reviewing the magistrate's complaints and indictment for the three cases, the cases do not involve similar victims, locations, or modes of operation, and the charged conducts occurred over a span of approximately two years. *Taylor*, 54 F.3d at 973. Further, the offenses charged are not of the similar character, since they involve an offense against a person (aggravated assault), an offense against habitation (criminal mischief), and a property offense (theft) which occurred on three separate dates to differing victims. 8 GCA § 55.35 (a) (2005). Therefore, the charged offenses are unable to be joined in a single indictment or information and shall not be consolidated. 8 GCA § 65.30 (2005).

For these reasons, the motion to consolidate is denied.

///

///

///

## CONCLUSION

Based upon the foregoing, Defendant's motion to consolidate is hereby DENIED.

SO ORDERED this _8th_ day of April, 2014.

**HON. JAMES L. CANTO II**
**Judge, Superior Court of Guam**

SERVICE VIA COURT BOX
I acknowledge that a copy of the original hereto was placed in the court box of:
AG, PD & DMR
Date: 4/8/14 Time: 11:00AM
Deputy Clerk, Superior Court of Guam

ORIGINAL